**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
PLASTIC AND RECONSTRUCTIVE BREAST    :
SURGERY PLLLC, et al.,                             :
                                                                  :
                Plaintiffs,                    :
                                                                  :
             -against-                        :
                                                                  :
CIGNA HEALTH AND LIFE INSURANCE      :
COMPANY, et al.,                                     :
                                                                  :
              Defendants.                  :
-------------------------------------------------------------x

        21-CV-9187 (AT) (OTW)

        **ORDER**

        **ONA T. WANG**, **United States Magistrate Judge**:

        The Court has reviewed ECF Nos. 48 and 49.

        Plaintiffs Plastic and Reconstructive Breast Surgery PLLLC and Shareef Jandali Plastic Surgery LLC, individually and as assignees of Patient J.B. (collectively, "Plaintiffs"), seek to reopen discovery and expand beyond the administrative record. I find that good cause exists to reopen discovery in this matter under Fed. R. Civ. P. 16(b)(4).

        Plaintiffs argue that they require discovery on the stop loss policy because based on information "recently made available" to them, Defendant Cigna Health and Life Insurance Company ("Cigna") may have a structural conflict of interest in the matter. (ECF 40 at 2). Specifically, Plaintiffs assert that Defendant Geissler's Supermarket, Inc. ("Geissler's") secured a stop loss policy from Cigna for the Plan at issue, pursuant to which Cigna was financially responsible for a payment of benefits above a certain amount (the "attachment point"). Plaintiffs state that they do not even have a baseline disclosure concerning this attachment

point under the stop loss policy, whether that attachment point has been met, and if so, how

much coverage may be left under the stop loss policy. (ECF 40 at 2).

Defendants argue in response that Plaintiffs have known about the stop loss policy since

at least February 28, 2022, when Geissler's referred to that information in its Answer. (*See* ECF

18 ¶ 4). Defendants additionally argue that Plaintiffs have not properly alleged a conflict of

interest, instead only arguing that they need discovery to determine whether a conflict of

interest exists. Defendants lastly argue that good cause does not exist to reopen discovery. (ECF

41 at 1-2).

Good cause exists to reopen discovery in this matter, and for Plaintiffs to obtain limited

discovery beyond the administrative record. While Plaintiffs require discovery on the stop loss

policy to provide support for their assertion that a conflict of interest exists, Cigna has not

provided clarity on whether or not it is the financially responsible party for the claims. Plaintiffs

have represented that they were unaware that Cigna may be the financially responsible party

under the stop loss policy until after the close of discovery. Additional discovery beyond the

administrative record may lead to relevant evidence concerning any alleged conflict of interest,

and "fair and accurate review" in this case requires certainty as to any financial responsibility

Cigna may have for the Claims at issue. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116, 128

S. Ct. 2343, 2351, 171 L. Ed. 2d 299 (2008).

Additionally, while Cigna opposes the request to reopen discovery, Plaintiffs cannot

determine whether the stop loss policy is relevant or admissible if they do not have a copy of it.

I further find that limited additional discovery on the stop loss policy and Cigna's alleged

conflict of interest will not result in serious prejudice to Cigna. The Court finds Cigna's

arguments to the contrary unpersuasive.

Plaintiffs' request to reopen discovery is **GRANTED**. Plaintiffs may submit written

requests for production and obtain a limited Rule 30(b)(6) deposition of Cigna's corporate

representative on the specific topics enumerated in ECF 48.

The fact discovery deadline is extended to July 7, 2023.

The Clerk of Court is respectfully directed to close ECF 48.

**SO ORDERED.**


_s/ Ona T. Wang_

Dated: April 5, 2023                              **Ona T. Wang**
      New York, New York                    United States Magistrate Judge